**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERNEST DOW, *individually and on behalf of all those similarly situated,* <br> 830 W. Susquehanna St. Apt 3 <br> Allentown PA 18103 <br><br> Plaintiff, <br><br> v. <br><br> VICTAULIC COMPANY <br> 204 Cascade Dr, <br> Allentown, PA 18109 <br><br> Defendant. | No. <br><br> INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FAIR LABOR STANDARDS ACT <br><br> INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER MINIMUM WAGE ACT <br><br> **JURY TRIAL DEMANDED** |

**INDIVIDUAL, COLLECTIVE ACTION, AND CLASS ACTION CIVIL COMPLAINT**

Named Plaintiff Ernest Dow (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Victaulic Company (hereinafter referred to as "Defendant").

**INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), Pennsylvania Minimum Wage Act ("PMWA"), and Pennsylvania Wage Payment and Collection Law ("PWPCL"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated owed overtime wages in violation of the FLSA, PMWA, and PWPCL.

**JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant is a company doing business in Pennsylvania at various locations including at the address set forth above.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all hourly employees presently and formerly employed by

Defendant subject to Defendant's pay practices and policies described herein and who worked for Defendant at any point during the period from three years preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was an hourly employee of Defendant within the last three years whom Defendant failed to properly pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the Fair Labor Standards Act ("FLSA").

12. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
**(Pennsylvania Minimum Wage Act)**

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. Named Plaintiff brings his claims asserting violations of the PMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons presently and formerly employed as hourly employees of Defendant who work or worked in

Pennsylvania for Defendant as hourly employees, who are or were subject to Defendant's pay practices and policies described herein at any point during the time period from three years preceding the date that the instant action was initiated through the present (the members of this putative class are referred to as "MWA Plaintiffs").

17. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

18. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all MWA Plaintiffs, was subject to the same unlawful wage policies and practices of Defendant.

19. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

20. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and has refused to end these policies.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

22.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant

23.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class is whether Defendant failed to pay Named Plaintiff and MWA Plaintiffs wages for rest breaks of 20 minutes or less during workweeks in which their compensable hours, inclusive of both the work hours for which Defendant paid them wages and their unpaid rest break hours, exceeded 40 hours in a workweek.

**CLASS ACTION ALLEGATIONS**
**(Pennsylvania Wage Payment and Collection Law)**

24.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

25.     Named Plaintiff brings his claims asserting violations of the WPCL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of hourly employees of Defendant who work or worked for Defendant in Pennsylvania as hourly employees, who, during the time period from three years preceding the filing of the instant action through the present were subject to the wage and hour policies described herein (hereinafter the members of this putative class are referred to as "WPCL Plaintiffs").

26. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

27. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all WPCL Plaintiffs, was an hourly employee whom Defendant failed to pay overtime wages due to unlawfully deducting wages for 20-minute rest breaks.

28. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

29. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and has refused to end these policies.

30. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible

standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

32. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: whether Defendant willfully failed to pay Named Plaintiff and WPCL Plaintiffs overtime wages owed due to unlawfully deducting for 20-minute rest breaks.

## FACTUAL BACKGROUND

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. (Hereinafter, Collective Plaintiffs, MWA Plaintiffs, and WPCL Plaintiffs collectively are referred to as "Class Plaintiffs.")

35. Named Plaintiff worked for Defendant as a Pipe Processor for approximately two and one-half months, ending in or around October 2019.

36. Throughout Named Plaintiff's employment, Defendant paid him an hourly rate.

37. Class Plaintiffs worked/work for Defendant as Pipe Processors and/or in other non-exempt, hourly positions.

38. Defendant paid/pays Class Plaintiffs hourly rates.

39. Defendant provided Named Plaintiff with a 20-minute, unpaid rest break per workday.

40. Defendant required Named Plaintiff to remain on Defendant's premises during the 20-minute, unpaid rest breaks.

41. Defendant provided/provides Class Plaintiffs with a 20-minute, unpaid rest break per workday.

42. Defendant required/requires Class Plaintiffs to remain on Defendant's premises during the 20-minute, unpaid rest breaks.

43. During Named Plaintiff's employment, he worked at least one workweek in which his aggregate work hours, including both the hours paid by Defendant and the unpaid 20-minute rest breaks, exceeded forty (40) hours.

44. During the time period from three (3) years prior to the filing of the instant action through the present, Class Plaintiffs each worked at least one workweek in which their aggregate work hours, including both the time paid by Defendant and the unpaid 20-minute rest breaks, exceeded forty (40) hours.

45. Accordingly, Defendant's failure to pay Named Plaintiff, Collective Plaintiffs, and MWA Plaintiffs for 20-minute rest breaks resulted in Defendant failing to pay wages of at least one and one-half times their regular rates for all hours worked more than 40 hours in a workweek.

46. The aforementioned conduct has caused Plaintiffs to suffer damages.

### COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay All Owed Overtime Wages)
### (Named Plaintiff and Collective Plaintiffs v. Defendant)

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. At all times relevant herein, Defendant was/is employers within the meaning of the FLSA.

49. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

50. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

51. Under the FLSA, an employer must pay an employee at least one and one-half times his or his regular rate for each hour worked in excess of forty hours per workweek.

52. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs all overtime wages earned for rest breaks of 20 or fewer minutes.

53. Defendant's conduct in failing to pay proper overtime wages to Named Plaintiff and Collective Plaintiffs was and is willful and was not based upon any reasonable interpretation of the law.

54. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Wages)**
**(Named Plaintiff and MWA Plaintiffs v. Defendant)**

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. At all times relevant herein, Defendant was and continues to be an employer within the meaning of the PMWA.

57. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and MWA Plaintiffs.

58. At all times relevant herein, Named Plaintiff and MWA Plaintiffs were/are employed with Defendant as "employees" within the meaning of the PMWA.

59. Under the PMWA, an employer must pay an employee at least one and one-half times his or his regular rate for each hour worked in excess of forty hours per workweek.

60. Defendant's violations of the PMWA include, but are not limited to, not paying Named Plaintiff and MWA Plaintiffs all overtime wages earned for short rest breaks of 20 minutes or less.

61. As a result of Defendant's unlawful conduct, Named Plaintiff and MWA Plaintiffs have suffered damages as set forth herein.

### COUNT III
### Violations of Pennsylvania Wage Payment and Collection Law
(Unpaid Wages)
(Named Plaintiff and WPCL Plaintiffs v. Defendant)

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. At all times relevant herein, Defendant was and continues to be an employer within the meaning of the WPCL.

64. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and WPCL Plaintiffs.

65. At all times relevant herein, Named Plaintiff and WPCL Plaintiffs were/are employed with Defendant as "employees" within the meaning of the PWPCL.

66. Defendant failed to pay Named Plaintiff and WPCL Plaintiffs all wages owed under the MWA.

67. Defendant violated the WPCL by failing to pay Named Plaintiff and WPCL Plaintiffs allwages owed under the MWA.

68. Defendant's conduct in failing to pay wages to Named Plaintiff and WPCL Plaintiffs was and is willful and was not based upon any reasonable interpretation of the law. As a result of Defendant's unlawful conduct, Named Plaintiff and WPCL Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, MWA Plaintiffs, and WPCL Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendant is to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, MWA Plaintiffs, and WPCL Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(2)     Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the FLSA damages in this case;

(3)     Named Plaintiff and WPCL Plaintiffs are to be awarded liquidated damages under the WPCL in an amount equal to 25% of MWA damages in this case;

(4)     Named Plaintiff, Collective Plaintiffs, MWA Plaintiffs, and WPCL Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

(5)     Named Plaintiff's, Collective Plaintiffs', MWA Plaintiffs', and WPCL Plaintiffs claims are to receive a trial by jury.

    Respectfully Submitted,

    */s/ Matthew Miller*
    Matthew D. Miller, Esq.
    Justin L. Swidler, Esq.
    Richard S. Swartz, Esq.
    **SWARTZ SWIDLER, LLC**
    1101 Kings Highway N., Suite 402
    Cherry Hill, NJ 08034
    Phone: (856) 685-7420
    Fax: (856) 685-7417

Date: May 4, 2020

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, surveillance camera footage (both cameras recording activity outside and inside branches), records of door alarm activation/deactivation, and records of branch door locking/unlocking.